UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS O'CONNOR,<br><br>                              Plaintiff,<br><br>-against-<br><br>LONG ISLAND RAILROAD COMPANY,<br><br>                              Defendant. | 1:22-cv-06908 (JLR)<br><br>**TRANSFER ORDER** |

JENNIFER L. ROCHON, United States District Judge:

      Plaintiff brings this action asserting one claim under the Federal Employers' Liability Act, 45 U.S.C. §51 et seq. Counsel for both parties appeared for an initial conference on December 1, 2022 (the "Conference"). For the reasons stated below and at the Conference, the Court hereby transfers this action to the United States District Court for the Eastern District of New York.

      Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the judicial district where the person is domiciled. 28 U.S.C. § 1391(c)(1). An "entity with the capacity to sue and be sued in its common name . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

A district court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a)." *Corley v. United States*, 11 F.4th 79, 89 (2d Cir. 2021) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)). Transfer may be *sua sponte*. *Id*. at 82, 90 (affirming *sua sponte* transfer); *see Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426 (S.D.N.Y. 2013) ("The power of district courts to transfer cases under Section 1404(a) *sua sponte* . . . is well established."). In determining whether to transfer a case, courts consider: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *Corely*, 11 F.4th at 89 (quoting *D.H. Blair & Co.*, 462 F.3d at 106-07).

Here, the Court finds that the factors on balance weigh in favor of transferring this case to the Eastern District of New York. Plaintiff resides and worked in the Eastern District of New York. ECF No. 1 ("Compl.") ¶¶ 1, 15. Therefore, Plaintiff's choice of forum in the Southern District is afforded less weight because Plaintiff does not reside here. *See Zepherin v. Greyhound Lines, Inc.*, 415 F. Supp. 2d 409, 411 (S.D.N.Y. 2006). The case concerns a personal injury that occurred at a train station in the Eastern District of New York, which is where Defendant operates a railroad system and Plaintiff worked. Compl. ¶¶ 2, 4, 10, 15. Defendant generally conducts business in both the Eastern and Southern Districts of New York. *Id*. ¶¶ 2-3, 15. Additionally, at the Conference, Plaintiff's counsel conceded that "there is not a great nexus" to the Southern District of New York, and that the only connection is that Defendant conducts business unrelated to this case at Pennsylvania Station in New York, New York.

Defendant took no position on venue and deferred to the Court. Accordingly, the Court finds that the balance of factors weigh in favor of transferring this action to the Eastern District of New York, and that such a transfer is in the interests of justice and conveniences of the parties and witnesses. *See* 28 U.S.C. § 1404(a).

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York.

Dated: December 1, 2022
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

3